Barbara ALLEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–96–00114–CR.

Court of Appeals of Texas, Texarkana.

Submitted April 17, 1997.

Decided April 18, 1997.

James E. Burnett, Jefferson, for appellant.

Randal Lee, Criminal District Attorney, Linden, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

OPINION

ROSS, Justice.

Barbara Ann Allen appeals from the revocation of her probation. In the underlying conviction, she pleaded guilty to delivery of a

controlled substance and was sentenced to seven years' confinement, probated for seven years, on August 15, 1989. On January 11, 1994, the trial court extended her probationary term by an additional three years. On August 27, 1996, the State filed a motion to revoke, alleging that she had violated the terms of her probation by possessing a controlled substance. The court revoked her probation and sentenced her to seven years' imprisonment.

■ In a probation revocation hearing, the decision whether to revoke rests within the discretion of the trial court. *Wester v. State,* 542 S.W.2d 403, 405 (Tex.Crim.App. 1976). This discretion is not absolute. *Scamardo v. State,* 517 S.W.2d 293, 297 (Tex. Crim.App.1974). The trial court is not authorized to revoke probation without a showing that the probationer has violated a condition of the probation imposed by the court. *DeGay v. State,* 741 S.W.2d 445, 449 (Tex. Crim.App.1987) (and cases cited therein). The State's burden of proof on a motion to revoke probation is lower than the burden of proof necessary for criminal conviction. The State need only prove that the terms of probation were violated by a preponderance of the evidence. *Cobb v. State,* 851 S.W.2d 871, 873 (Tex.Crim.App.1993); *Cardona v. State,* 665 S.W.2d 492, 493 (Tex.Crim.App. 1984).

■ The evidence shows that a confidential informant purchased items that appeared to be crack cocaine from Allen. The informant had been searched by the police, who testified that she had no contraband before entering the home. After leaving the home, she handed a baggie of crack cocaine to the officers. She was also wearing a body microphone, and officers testified that they heard the transaction occur and that they recognized Allen's voice as well as that of the informant. The informant paid for the items with marked bills, which were later found in a search of the residence in a shoebox, along with additional baggies containing what appeared to be crack cocaine.

Allen first contends that the State failed to meet its burden of proof because it did not prove that the substance taken from her home was cocaine. This portion of her argument is grounded upon the fact that the State did not introduce any cocaine into evidence at the hearing, and grounded upon an alleged failure of the chain of custody of the substance identified as cocaine taken from her house. Because we conclude that the State's evidence was sufficient to prove that the substance taken from Allen's home was cocaine, this contention is overruled.

■ Although it is normal practice for contraband to be entered into evidence at a hearing such as this, it is not an absolute requirement. This exact situation does not appear to have been addressed previously by Texas courts. The State is, of course, required to prove that the substance distributed was in fact such an illegal drug. *United States v. Lawson,* 507 F.2d 433, 438 (7th Cir.1974). The standard of factual review to be applied on appeal is the same whether the State uses direct or circumstantial evidence to prove that a criminal act occurred. *King v. State,* 895 S.W.2d 701, 703 (Tex.Crim.App. 1995); *McGoldrick v. State,* 682 S.W.2d 573, 577 (Tex.Crim.App.1985).

■ Proof adequate to show possession is therefore not restricted to direct evidence. In the situation presented by this case, courts in other jurisdictions have held that there is no requirement that the prosecution introduce the contraband itself when other reliable evidence is proffered which establishes the nature of the contraband. *United States v. Graham,* 464 F.2d 1073, 1076 (5th Cir.1972); *see United States v. Cantu,* 510 F.2d 1003, 1004 (5th Cir.1975); *Bernard v. United States,* 575 A.2d 1191, 1193 (D.C. 1990); *see also People v. Steiner,* 640 P.2d 250, 252 (Colo.Ct.App.1981); *Pama v. State,* 552 So.2d 309 (Fla.Dist.Ct.App.1989); *People v. Eichelberger,* 189 Ill.App.3d 1020, 137 Ill. Dec. 520, 524, 546 N.E.2d 274, 278 (1989); *Best v. State,* 79 Md.App. 241, 556 A.2d 701, 716 (1989).

This Court has recognized that in some situations an item need not be introduced into evidence, because its nature can only be proven by scientific analysis. *Stevens v. State,* 900 S.W.2d 348, 351 (Tex.App.-Texarkana 1995, pet. ref'd). This position has been adopted in Texas in connection with breath

analyses in driving while intoxicated cases, *Turpin v. State,* 606 S.W.2d 907, 917–18 (Tex. Crim.App.1980), and the logic underlying this position also applies to the identification of a substance as an illegal drug.

The mere fact that the State did not introduce the contraband into evidence does not of itself show that the evidence is insufficient.

Allen next argues under this point of error that the chain of custody of the contraband was inadequate. Before the rules of evidence were adopted, the chain of custody went to the weight rather than to the admissibility of the evidence. *DeLeon v. State,* 505 S.W.2d 288, 289 (Tex.Crim.App.1974). The Rules of Criminal Evidence do not specifically address the chain of custody issue. They simply provide that the authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. TEX. R.CRIM.EVID. 901(a); *see Murray v. State,* 864 S.W.2d 111 (Tex.App.-Texarkana 1993, pet. ref'd).

■ The officer who was handling the investigation testified that he recognized the ziplock baggie containing State's Exhibit 3 as containing items that he removed from the shoebox in Allen's closet. A forensic analyst testified that the baggie containing the items bore markings made by his laboratory, that he recognized the exhibit through the markings, that he had analyzed the substance within the baggie, and that it was cocaine. The determination of any discrepancy in the positive identity of the physical evidence is for the fact finder. *Lopez v. State,* 817 S.W.2d 150, 152 (Tex.App.-El Paso 1991, no pet.); *Levi v. State,* 809 S.W.2d 668, 672 (Tex.App.-Beaumont 1991, no pet.) (citing *Jones v. State,* 617 S.W.2d 704, 705 (Tex. Crim.App. [Panel Op.] 1981)). Any attack on the witness's ability to positively identify the contraband goes to the weight of the evidence. *See Moore v. State,* 821 S.W.2d 429, 431 (Tex.App.-Waco 1991, no pet.).

In the present case, there is sufficient evidence to identify the exhibit and its contents and link those to the items removed from Allen's residence. This contention is without merit.

Allen next contends that there is no evidence that she actually possessed the contraband, because it was in a closet of the house, and there is no way to know whether the substance was placed there by her or by someone else without her knowledge. This contention is based upon Allen's testimony that she was unaware that the confidential informant was in her house; thus, the informant had the opportunity and motive to hide the substance and the marked money in Allen's closet. Allen testified that the informant, who lives nearby, had come into her house to use the telephone on the morning before the afternoon of the alleged sale, that she allowed her to use the telephone in her bedroom next to the closet, and that for a period of time the informant was alone in the bedroom. The informant was not called as a witness; thus, this testimony stands uncontradicted.

Other evidence elicited at the hearing, however, reveals some weaknesses in this argument. The marked money was not given to the confidential informant until she went into Allen's house to make the purchase. Thus, she could not have planted the money in the shoebox earlier that day. The informant came out of Allen's house with cocaine, when she had none upon entering the house. The informant also came out without the money that she had when she entered the house. An officer testified that he heard the informant engaged in conversation with Allen over the radio link and that she was in the house for only about five minutes.

Reviewed in its entirety, we cannot say that the court's conclusion in this case is wholly unsupported by the evidence presented at the hearing.

The judgment revoking probation is affirmed.

CORNELIUS, C.J., not participating.