Eloy Upson SERNA, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–97–0275–CR

Court of Appeals of Texas,
Amarillo.

Dec. 23, 1998.

Law Offices of Luis R. Vera, Jr. & Associates, P.C., Adolfo Garcia, San Antonio, for appellant.

Bexar County Dist. Atty., Steven C. Hilbig, Edward F. Shaughnessy, III, San Antonio, for appellee.

Before BOYD, C.J., and QUINN, J., and REYNOLDS, Senior Justice.*

BRIAN QUINN, Justice.

Eloy Upson Serna appeals from a judgment revoking his probation and sentencing him to four years imprisonment. On his open plea of guilty, the trial court originally found him guilty of driving while intoxicated and assessed punishment at four years imprisonment. However, imposition of the sentence was suspended and appellant was placed on probation for four years. The State subsequently moved to revoke his probation. The motion was granted and the aforementioned punishment levied. The sole point of error involves whether appellant was entitled to a "separate sentencing hearing."[1] We dismiss the appeal.

*Charles L. Reynolds, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

1. The State did not deign to file a brief responding to appellant's contention. Thus, we will resolve the matter by reviewing the authorities cited by appellant and those found *sua sponte.*

## Background

As previously mentioned, appellant was found guilty of driving while intoxicated and assessed a punishment of four years imprisonment. The sentence was suspended and appellant was placed on probation. The State subsequently moved to revoke, contending that appellant had violated two conditions of probation. The motion came for hearing, at which time appellant and his attorney, along with the State's attorney, appeared. When asked how he pled to the allegations in the motion, appellant responded "true" but attempted to explain his actions and offer alternatives to revocation. The court heard same but nonetheless found that appellant had "violated the conditions of [his] community supervision," revoked his probation, and "assess[ed] punishment at four years confinement." The court then proceeded to ask appellant if he had any "legal reason why [he] should not be sentenced today." Appellant answered "no, ma'am," and the court sentenced him to "serve four years."

At no time was appellant asked whether he wanted to proffer evidence upon the issue of punishment. Nor did he ask the court for an opportunity to do so at the revocation hearing. Rather, he moved for a new trial, asserting, among other things, that "[t]he trial court failed to conduct a separate punishment hearing after the *adjudication of the defendant's guilt.*" (emphasis added). The motion was overruled by operation of law.

## Point of Error

Before us, appellant asserts that the Texas Court of Criminal Appeals' decision in *Issa v. State,* 826 S.W.2d 159 (Tex.Crim.App.1992), entitled him to a "separate sentencing hearing."[2] We disagree and overrule the point for several reasons.

2. Because appellant included the issue in his motion for new trial, he preserved it for our review. *Nirschl v. State,* 923 S.W.2d 218, 219 (Tex.App.—Amarillo 1996, pet. ref'd).

### 1. Only Appealable Issue is Revocation

██ It is a truism that a state need not provide a convicted individual the right to appellate review of his conviction. *Phynes v. State*, 828 S.W.2d 1, 2 (Tex.Crim.App.1992). Implicit therein is another truism; it holds that the state may also restrict the type of issues one may appeal. *Id.* And, that is what it did here.

Article 42.12, section 23(b) of the Texas Code of Criminal Procedure designates the appellate avenues open to one whose probation was granted under a provision other than article 42.12, section 5 of the same code. Therein, the legislature stated that matters involving conviction and punishment had to be appealed immediately after the defendant was placed on probation. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 23(b) (Vernon Supp. 1999).[3] Once probation is revoked, however, the complainant "may appeal the revocation." *Id.* From this it follows that when the legislature said the accused "may appeal the revocation" it meant that he can only appeal matters relating to the revocation itself. *See, e.g., Keith v. State*, 916 S.W.2d 602, 608 (Tex. App.—Amarillo 1996, no pet.) (concluding that the time to appeal the conditions of one's probation is at the time the complainant is granted probation); *Standley v. State*, 517 S.W.2d 538, 541 (Tex.Crim.App.1975) (holding that absent fundamental error, one who fails to appeal when placed on probation waives his right to review). And, whether one was granted an opportunity to present evidence on punishment *after* the court revoked probation falls outside the scope of the revocation itself. Thus, it is not an issue which can be appealed, and we have no jurisdiction to entertain it.

---

3. All statutory references herein are to article 42.12 of the Texas Code of Criminal Procedure unless expressly stated otherwise.

4. Additionally, we find the opinion cited by appellant, *i.e., Baxter v. State*, 936 S.W.2d 469 (Tex. App.—Fort Worth 1996, pet. dism'd), unpersuasive for several reasons. First, the court did not expressly conclude that one in the situation of appellant is entitled to a separate punishment hearing. It merely recognized that the parties agreed that such a hearing was available. Second, to the extent *Baxter* does confer a right to a separate punishment hearing, we find deficiencies in the analysis supporting this conclusion. For instance, it suggests that the purported right arises from the penumbra of due process. *Id.* at

Yet, assuming this court had jurisdiction over the appeal, other grounds would prevent us from granting appellant the relief he requests. Those grounds follow.

### 1. Issa is Distinguishable

██ First, *Issa v. State* involved a situation wherein the defendant proceeded through the legal system *via* section 5; the court deferred adjudicating his guilt and instead placed him on community supervision. Once the prosecutor moved to adjudicate him guilty and the court granted the motion, the accused became entitled to a separate punishment hearing, according to the *Issa* court. Yet, the appellant at bar was not placed on deferred adjudication, as was Issa. Instead, the trial court found him guilty, assessed punishment, suspended imposition of sentence, and granted him probation.

Thus, it is obvious that appellant's case did not proceed under section 5. Not proceeding *via* section 5, he is not entitled to the unique procedures and benefits available to those who are. *See McNew v. State*, 608 S.W.2d 166, 177 (Tex.Crim.App.1978) (holding that "the procedure provided for deferred adjudication is different from the other type or types of probation").[4] And, whether to extend the scope of section 5 to encompass appellant's situation is a matter for the legislature to decide. *Id.* (stating that procedural changes are for the legislature to consider).

### 2. Punishment Hearing Already Held or Complaint Waived

██ Because appellant was not granted probation under section 5, section 23(a) con-

---

471. Yet, that contradicts the Court of Criminal Appeals' holding in *Duhart v. State*, 668 S.W.2d 384, 387 (Tex.Crim.App.1984), that such a proceeding was not mandated by either the state or federal due process clauses. Additionally, *Baxter* failed to address the difference between revocation of probation granted under section 3(a) and section 5(a) or to consider the admonition in *McNew v. State*, 608 S.W.2d 166, 177 (Tex.Crim. App.1978), that procedures utilized under section 5 are unique to section 5 proceedings. Finally, whether the court had jurisdiction over the subject matter of the complaint, given the wording of section 23(b), was never considered. Under these circumstances, we are unable to accord *Baxter* any persuasiveness.

trolled and enabled the trial court, following revocation, to "dispose of the case *as if there had been no community supervision*" or to reduce the sentence within certain parameters. (emphasis added). In other words, the court had the option to either impose the punishment it originally assessed before granting appellant probation, *Guzman v. State*, 923 S.W.2d 792, 799 (Tex.App.—Corpus Christi 1996, no pet.), or reduce the punishment originally assessed.

■ From the foregoing, we make several observations. First, appellant's punishment was previously determined and assessed under section 3(a). Indeed, had punishment not been assessed, the court's authority to simply reimpose punishment following revocation, as allowed by section 23(a), would make little sense. Second, since punishment was already assessed, it follows that appellant already had the opportunity to present evidence on the matter. *See Borders v. State*, 846 S.W.2d 834, 835–36 (Tex.Crim.App. 1992) (holding that article 37.07, section 3 of the Code of Criminal Procedure requires the trial court to give a defendant opportunity to present evidence regarding punishment "*after* it has found the particular defendant guilty" and before punishment is assessed). To the extent that the appellant had the opportunity to present evidence previously, he was not entitled to do it again at revocation. *Duhart v. State*, 668 S.W.2d 384, 387 (Tex.Crim.App.1984) (holding that fairness would dictate that the accused be given opportunity to present evidence on punishment if it has not already been elicited in the proceeding).[5]

■ On the other hand, if the opportunity to present evidence was not afforded appellant when punishment was originally assessed, then it can be said that he waived any complaint he may have had by reserving it until his probation was revoked. As previously discussed, section 23(b) required him to assert complaints about his conviction and

punishment immediately after being placed on community supervision. Once his probation was revoked, he was entitled to appeal only matters relating to the revocation itself. *Id.*

Accordingly, we dismiss the appeal for want of jurisdiction.

---

5. It is clear that probation assessed after one is found guilty constitutes a type of punishment. *Green v. State*, 706 S.W.2d 653, 656 n. 5 (Tex. Crim.App.1986); *Angelle v. State*, 571 S.W.2d 301, 303 (Tex.Crim.App.1978). So, to the extent that one may argue that the prison term originally levied is not "punishment" since the sentence

was suspended, it can be said that the court nonetheless assessed punishment by placing appellant on probation. In either case, punishment here had already been assessed once, which relieved the court from having to afford appellant another punishment hearing. *Duhart v. State*, 668 S.W.2d 384, 387 (Tex.Crim.App.1984).