In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00139-CR


______________________________




TOMMY WAYNE JONES, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 28,049-B




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Ross



O P I N I O N



 Tommy Wayne Jones appeals the revocation of his community supervision. Jones
pled guilty, as part of a plea agreement, to burglary of a habitation with intent to commit
theft. The trial court sentenced Jones to seven years' imprisonment, but suspended the
imposition of his sentence and placed him on seven years' community supervision. The
State later moved to revoke Jones' community supervision, alleging Jones committed
eleven violations of the terms of his supervision. Jones pled true to the State's allegations. 
The trial court found the allegations true, revoked Jones' community supervision, and
sentenced him to seven years' confinement.

 On appeal, Jones contends the trial court abused its discretion when it revoked his
community supervision instead of modifying its terms to add a condition that he receive
substance abuse treatment. If a trial court finds a defendant violated the terms of his or
her community supervision, the trial court may either continue, extend, modify, or revoke
the community supervision. Tex. Code Crim. Proc. Ann. art. 42.12, § 21(b) (Vernon Supp.
2002). If the trial court continues or modifies the defendant's community supervision, it
may impose any other conditions it deems appropriate, including placing the defendant in
a substance abuse felony punishment program if: (1) the defendant was not convicted of
certain sex offenses or the attempt to commit those offenses; (2) drug or alcohol abuse
significantly contributed to the commission of the crime or the violation of community
supervision; and (3) the defendant is a suitable candidate for treatment. Tex. Code Crim.
Proc. Ann. art. 42.12, § 22(a)(4) (Vernon Supp. 2002).

 The decision whether to continue or revoke community supervision is within the trial
court's discretion. Wester v. State, 542 S.W.2d 403, 405 (Tex. Crim. App. 1976); Allen v.
State, 946 S.W.2d 115, 116 (Tex. App.Texarkana 1997, no pet.). We review the trial
court's ruling for abuse of discretion. See Jackson v. State, 645 S.W.2d 303, 305 (Tex.
Crim. App. 1983); Lopez v. State, 46 S.W.3d 476, 482 (Tex. App.-Fort Worth 2001, pet.
ref'd).

 The trial court cannot revoke community supervision without a showing the
defendant violated a condition of his or her supervision. DeGay v. State, 741 S.W.2d 445,
449 (Tex. Crim. App. 1987); Allen, 946 S.W.2d at 116. When there is sufficient evidence
to support a finding the defendant violated a condition of his or her supervision, the trial
court does not abuse its discretion by revoking community supervision. See Cardona v.
State, 665 S.W.2d 492, 493-94 (Tex. Crim. App. 1984); Stevens v. State, 900 S.W.2d 348,
351 (Tex. App.-Texarkana 1995, pet. ref'd). Proof of a single violation is sufficient to
support revocation of community supervision. O'Neal v. State, 623 S.W.2d 660, 661 (Tex.
Crim. App. 1981); Myers v. State, 780 S.W.2d 441, 445 (Tex. App.Texarkana 1989, pet.
ref'd).

 Jones pled true to: (1) failing to pay required supervision fees, court costs,
restitution, and fines in each of the last four of the six months he was on community
supervision; (2) failing to report to his supervision officer in each of the last four of the six
months he was on community supervision; (3) failing to notify his supervision officer before
changing his residence; (4) failing to notify his supervision officer within three days of
changing employers or of ceasing employment; (5) failing to perform any of his required
community service; (6) using marihuana; and (7) failing to complete required skills classes.

 At the revocation hearing, Jones testified his frequent use of marihuana and crystal
methamphetamine had been a barrier to successfully completing his community
supervision. He testified he used drugs daily and spent about $800.00 per month on
drugs. Jones admitted, however, he worked forty hours per week, making about $1,600.00
per month. He also admitted he was able to meet his responsibility of showing up for work
when he was required to do so. 

 Jones testified he never informed his supervision officer of his problems with drugs. 
His supervision officer also testified he was unaware Jones had a drug problem, though
he indicated Jones took a substance abuse test when he was placed on community
supervision and that test indicated a possible drug problem. 

 Jones contends the community supervision system failed him in not following up on
indications he had a drug problem. However, the trial court was clearly aware of Jones'
purported drug problem and of his desire to be put in a treatment program instead of being
imprisoned. The record shows Jones was on community supervision for only six months
and, in the latter four months of his supervision, he completely failed to report to his
supervision officer; to pay required fees, court costs, restitution, and fines; to perform
required community service; to complete required classes; and to inform his supervision
officer of residence and employment changes. Jones also never sought the help he said
he needed until he was faced with the possible revocation of his community supervision.

 On the record before us, we discern no abuse of discretion. The trial court was best
positioned to judge Jones' likelihood of successful rehabilitation and concluded Jones was
not a good candidate for continuation of community supervision under modified terms.

 The judgment is affirmed.


 Donald R. Ross

 Justice


Date Submitted: February 12, 2002

Date Decided: February 21, 2002


Do Not Publish