In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00002-CR


______________________________




TITUS WEBSTER, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 5th Judicial District Court


Cass County, Texas


Trial Court No. 97-F-109




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Justice Grant



O P I N I O N



 Titus Webster appeals the revocation of his community supervision. Webster pleaded guilty
to possession of cocaine in an amount greater than four grams, but less than 200 grams. The trial
court sentenced him to ten years' imprisonment, but suspended the imposition of his sentence and
placed him on ten years' community supervision.

 The State later moved to have the trial court revoke Webster's community supervision,
alleging he sold cocaine to undercover officers on four different occasions and was in possession of
cocaine on another occasion. Webster pleaded true to one of the State's delivery of cocaine
allegations. The trial court found the delivery of cocaine allegations true, (1) revoked Webster's
community supervision, and sentenced him to ten years' imprisonment.

 In related proceedings held on the same day, the trial court found Webster guilty of two
delivery of cocaine offenses. The trial court sentenced him to eighteen months' imprisonment in a
state jail facility for each offense. The trial court also ordered all sentences to run concurrently. 
Webster has also filed appeals from the judgments in those proceedings. We consider those appeals
in separate opinions.

 Webster's attorney has filed an appellate brief in which he concludes that after a review of
the record and the related law, the appeal is frivolous and without merit. He has evaluated the record
and has found no error that arguably supports an appeal. The brief thus meets the requirements of
Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Stafford v. State, 813
S.W.2d 503 (Tex. Crim. App. 1991). Webster did not file a pro se response.

 In his Anders brief, counsel raises the arguable issue that the trial court should have continued
Webster on community supervision, but concludes that issue is without merit. The decision whether
to continue or revoke community supervision is within the trial court's discretion. Wester v. State,
542 S.W.2d 403, 405 (Tex. Crim. App. 1976); Allen v. State, 946 S.W.2d 115, 116 (Tex.
App.Texarkana 1997, no pet.). We review the trial court's ruling for abuse of discretion. See
Jackson v. State, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983); Lopez v. State, 46 S.W.3d 476, 481
(Tex. App.-Fort Worth 2001, pet. ref'd).

 The trial court cannot revoke community supervision without a showing the defendant
violated a condition of his or her supervision. DeGay v. State, 741 S.W.2d 445, 449 (Tex. Crim.
App. 1987); Allen, 946 S.W.2d at 116. When there is sufficient evidence to support a finding the
defendant violated a condition of his or her supervision, the trial court does not abuse its discretion
by revoking community supervision. See Cardona v. State, 665 S.W.2d 492, 493-94 (Tex. Crim.
App. 1984); Stevens v. State, 900 S.W.2d 348, 351 (Tex. App.-Texarkana 1995, pet. ref'd). Proof
of a single violation is sufficient to support revocation of community supervision. O'Neal v. State,
623 S.W.2d 660, 661 (Tex. Crim. App. 1981); Myers v. State, 780 S.W.2d 441, 445 (Tex.
App.Texarkana 1989, pet. ref'd).

 In the present case, Webster pleaded true to one of the State's allegations in its motion to
revoke. His plea was a sufficient basis in and of itself to support revocation of community
supervision. See Jiminez v. State, 552 S.W.2d 469, 472 (Tex. Crim. App. 1977); Benoit v. State, 561
S.W.2d 810 (Tex. Crim. App. 1977).

 In addition, the State presented evidence to support each allegation. Jeff McCullough and
Johnny Phillips, two undercover officers, testified they purchased cocaine from Webster on the dates
alleged in the State's motion to revoke. In addition, Lanette Fuqua, a chemist with the Texas
Department of Public Safety, testified the substances purchased on the dates alleged in the State's
motion to revoke each contained less than one gram of cocaine. Therefore, the trial court had a
sufficient basis on which to revoke Webster's community supervision.

 Counsel also raises the arguable issue that on revocation, the trial court should have reduced
Webster's term of imprisonment from the sentence originally imposed. When the trial court revokes
community supervision, it can impose a sentence no greater than the sentence originally assessed and
no less than the statutory minimum. Tex. Code Crim. Proc. Ann. art. 42.12, § 23(a) (Vernon Supp.
2002); Serna v. State, 986 S.W.2d 693, 696 (Tex. App.-Amarillo 1998, no pet.); Guzman v. State,
923 S.W.2d 792, 799 (Tex. App.-Corpus Christi 1996, no pet.); Weed v. State, 891 S.W.2d 22, 24
(Tex. App.-Fort Worth 1995, no pet.). The minimum punishment for possession of cocaine in an
amount greater than four grams, but less than 200 grams, is two years. See Tex. Health & Safety
Code Ann. § 481.115(d) (Vernon Supp. 2002); Tex. Pen. Code Ann. § 12.33(a) (Vernon 1994). 
Here the trial court imposed a ten-year sentence.

 The trial court's sentencing decision is not an abuse of discretion. The court was confronted
with evidence Webster was engaging in numerous drug transactions. It could have reasonably
concluded that Webster had not succeeded on community supervision and that the original sentence
should be imposed.

 We have otherwise reviewed the record and found no arguable issues for appeal. The
judgment is affirmed.




 Ben Z. Grant

 Justice


Date Submitted: July 11, 2002

Date Decided: July 12, 2002


Do Not Publish
1. The State abandoned the possession of cocaine allegation.



t 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00027-CR

                                                ______________________________

 

 

                                WESLEY LEON SPANGLER,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 115th
Judicial District Court

                                                            Upshur County, Texas

                                                            Trial
Court No. 15,051

 

                                                        
                                          

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

 

            Wesley Leon
Spangler, appellant, has filed with this Court a motion to dismiss his
appeal.  The motion is signed by Spangler
and his counsel in compliance with Rule 42.2(a) of the Texas Rules of Appellate
Procedure.  See Tex. R. App. P.
42.2(a).  As authorized by Rule 42.2, we
grant the motion.  See Tex. R. App. P.
42.2.

            Accordingly,
we dismiss the appeal.

 

 

 

            

                                                                                    Jack
Carter

                                                                                    Justice

 

Date Submitted:          February
1, 2011

Date Decided:             February
2, 2011

 

Do Not Publish