In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00101-CR


______________________________




DEANA RENEE DAVISON, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 123rd Judicial District Court


Panola County, Texas


Trial Court No. 1998-C-251




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Deana Renee Davison appeals the revocation of her community supervision. Davison pled
guilty, as part of a plea agreement, to possession of cocaine in an amount greater than or equal to
four grams, but less than 200 grams. The trial court sentenced her to ten years' imprisonment and
a $2,000.00 fine, but suspended the imposition of her prison sentence (not her fine) and placed her
on ten years' community supervision.

 One of the terms of Davison's community supervision was that she "enter and successfully
complete, including any recommended after-care, the Kirkpatrick Family Center residential
program . . . for no less than 6 months nor more than 12 months." The State later moved to have the
trial court revoke Davison's community supervision, alleging she "failed to successfully complete
the residential substance treatment program at the Kirkpatrick Family Center and was unsuccessfully
discharged . . . after admitting to her counselor . . . that she consumed alcohol on the premises of the
center." Davison pled true to the State's allegation. The trial court found the allegation true,
revoked Davison's community supervision, and sentenced her to ten years' imprisonment.

 On appeal, Davison contends the trial court abused its discretion in revoking her community
supervision. She contends that the evidence does not show she "consumed" alcohol and that any
evidence regarding her consumption of alcohol was inadmissible under Tex. R. Evid. 509(b) and
was procured without providing her the warnings required by Miranda v. Arizona, 384 U.S. 436
(1966). (1)

 The decision whether to continue or revoke community supervision is within the trial court's
discretion. Wester v. State, 542 S.W.2d 403, 405 (Tex. Crim. App. 1976); Allen v. State, 946 S.W.2d
115, 116 (Tex. App.-Texarkana 1997, no pet.). We review the trial court's ruling for abuse of
discretion. See Jackson v. State, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983); Lopez v. State, 46
S.W.3d 476, 482 (Tex. App.-Fort Worth 2001, pet. ref'd).

 The trial court cannot revoke community supervision without a showing the defendant
violated a condition of his or her supervision. DeGay v. State, 741 S.W.2d 445, 449 (Tex. Crim.
App. 1987); Allen, 946 S.W.2d at 116. When there is sufficient evidence to support a finding the
defendant violated a condition of his or her supervision, the trial court does not abuse its discretion
by revoking community supervision. See Cardona v. State, 665 S.W.2d 492, 493-94 (Tex. Crim.
App. 1984); Stevens v. State, 900 S.W.2d 348, 351 (Tex. App.-Texarkana 1995, pet. ref'd). Proof
of a single violation is sufficient to support revocation of community supervision. O'Neal v. State,
623 S.W.2d 660, 661 (Tex. Crim. App. 1981); Myers v. State, 780 S.W.2d 441, 445 (Tex.
App.-Texarkana 1989, pet. ref'd).

 Davison contends the trial court abused its discretion in revoking her community supervision
based on a purported lack of evidence of a violation, but her plea of true, standing alone, is sufficient
to support the revocation order. See Cole v. State, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979);
Jiminez v. State, 552 S.W.2d 469, 472 (Tex. Crim. App. 1977); Guajardo v. State, 24 S.W.3d 423,
427 (Tex. App.-Corpus Christi 2000, pet. granted). Nevertheless, the trial court did not abuse its
discretion because the evidence shows Davison was terminated from the residential program for
consuming alcohol and that she did consume alcohol.

 Mona Brown, Davison's counselor, testified that Davison agreed to abide by the rules of the
facility that she not "drink alcohol of any form"; that she was informed she would be discharged for
"the use, introduction, or possession of any narcotic, narcotic paraphernalia, drugs or intoxicants";
and that she admitted consuming "just a little" alcohol from an "airport liquor bottle," which was
brought into the facility by another resident. Though in her testimony Davison characterized her
consumption as a "taste," we do not believe the amount of alcohol is material to the facility's decision
to terminate her from the program.

 As for Davison's contention that Brown's testimony was inadmissible under Rule 509(b) and
because Davison was not given the Miranda warnings, she did not object to Brown's testimony at
the revocation proceeding and has, therefore, waived the issue. See Tex. R. App. P. 33.1(a).



 We affirm the judgment.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: December 23, 2002

Date Decided: January 30, 2003


Do Not Publish
1. Davison also contends the trial court abused its discretion in revoking her community
supervision because the record shows she did not fail to "avoid injurious or vicious habits, including
abstaining from the use of all intoxicating beverages," as required under the terms of her community
supervision. The record is clear, however, that the State did not allege she violated this requirement
and that the trial court did not revoke her community supervision for this reason.