NO. 12-02-00167-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


PAUL E. PHILLIPS,
§
 APPEAL FROM THE 

APPELLANT


V.
§
 COUNTY COURT AT LAW #2


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

MEMORANDUM OPINION


 Paul E. Phillips ("Appellant") pleaded guilty to the offense of theft by check and was
sentenced to 180 days in the Smith County Jail, probated for 18 months. Following the State's
application to revoke Appellant's probation, Appellant was sentenced to serve the original sentence
of 180 days in the Smith County Jail. In one issue, Appellant contends that his sentence should be
set aside and a new trial granted in his favor because the trial court did not properly admonish him
prior to his plea of guilty. Appellant failed to timely file a notice of appeal; therefore, we dismiss
this appeal for want of jurisdiction.


Background


 On May 10, 2001, Appellant was charged by complaint with theft by check in an amount
greater than twenty dollars but less than five hundred dollars. On November 30, Appellant pleaded
guilty to this charge, and the trial court sentenced him to 180 days in jail, probated for 18 months. 
On March 19, 2002, the State filed an application to revoke Appellant's probation, alleging that he
failed to comply with various conditions of his probation. On March 21, the trial court issued a
capias to procure Appellant's arrest and Appellant was arrested that same day. 

 On April 4, Appellant pleaded "true" to seven of the allegations in the State's application to
revoke Appellant's probation, and the trial court sentenced Appellant to serve the original sentence
of 180 days in the Smith County Jail. At the end of Appellant's probation revocation hearing, the
trial court granted Appellant the right to appeal. On April 11, Appellant filed a general notice of
appeal and on May 9, Appellant amended that notice of appeal, stating that he had obtained
permission from the trial court to "appeal from said judgment and sentence."

 In one issue, Appellant challenges his November 30, 2001 guilty plea and contends that his
sentence should be set aside and a new trial granted in his favor because the trial court failed to
properly admonish him before he pleaded guilty. Because Appellant failed to timely file a notice of
appeal from the November 30, 2001 judgment, we dismiss his appeal for want of jurisdiction. 


Jurisdiction

 When an individual is placed on probation and seeks to challenge matters involving
conviction and punishment, he must do so immediately after being placed on probation. Serna v.
State, 986 S.W.2d 693, 695 (Tex. App.-Amarillo 1998, no pet.); Tex. Code Crim. Proc. Ann. art.
42.12, § 23(b) (Vernon Supp. 2003). Once probation is revoked, however, the complainant may
appeal the revocation. Id. Therefore, when the legislature allowed the accused to "appeal the
revocation," it meant that he can only appeal matters relating to the revocation itself. Id.; see also
Standley v. State, 517 S.W.2d 538, 541 (Tex. Crim. App. 1975) (holding that one who fails to appeal
when placed on probation waives his right to review). 

 In order to perfect an appeal from his guilty plea, Appellant must have filed his notice of
appeal within thirty days after the day sentence was imposed or suspended in open court, unless he
timely filed a motion for new trial. Tex. R. App. P. 26.2(a)(1). If he timely filed a motion for new
trial, then the notice of appeal could have been filed within ninety days after the day sentence was
imposed or suspended in open court. Tex. R. App. P. 26.2(a)(2). Appellant had thirty days from the
time sentence was imposed or suspended in open court to file a motion for new trial. Tex. R. App.
P. 21.4(a).

 In the instant case, Appellant did not meet any of these deadlines. In order for this court to
have jurisdiction over his appeal, Appellant must have filed a notice of appeal within thirty days of
November 30, 2001, the date his guilt was adjudicated and his sentence was imposed or suspended
in open court. Appellant's notice of appeal, filed on April 11, 2002, was not timely filed; therefore,
we do not have jurisdiction over his appeal from the original conviction. See Slaton v. State, 981
S.W.2d 208, 210 (Tex. Crim. App. 1998) (holding that if an appeal is not timely perfected, a court
of appeals does not obtain jurisdiction to address the merits of the appeal and can take no action
other than to dismiss the appeal).

 Accordingly, Appellant's appeal is dismissed for want of jurisdiction.




 SAM GRIFFITH 

 Justice



Opinion delivered May 30, 2003.

Panel consisted of Worthen, C.J., and Griffith, J.





















(DO NOT PUBLISH)