In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00147-CR


______________________________




HAZEL EPPS JOHNSON, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 71st Judicial District Court


Harrison County, Texas


Trial Court No. 06-0151




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 During her jury trial for murder, Hazel Epps Johnson testified that her stabbing James Arnold
with a butcher knife was accidental. Her written statement to the police indicated that, when Arnold
rushed her, she turned and stuck the knife in his chest. Her sole issue on appeal asserts the trial court
erred in refusing to submit to the jury a punishment charge on sudden passion. We affirm the trial
court's judgment.

 After the jury convicted Johnson of murder, it assessed her punishment at forty years'
imprisonment. The evidence shows that Arnold had lived with Johnson regularly for several
months--although, during that time, he would stay away for days at a time before reappearing--and
that he had a history of showing up on Johnson's doorstep drunk and cursing at Johnson and her adult
daughter, Aimee Johnson.

 Johnson testified repeatedly that she did not intentionally stab Arnold, but that it was an
accident. According to her testimony, Arnold appeared at the door while she was cutting up chicken
for supper, so she had the knife in her hand when she answered the door. She testified that she told
Arnold to leave, but that he came into the house anyway, stumbled over a couch leg, and fell onto
the knife she was holding.

 Johnson contends on appeal that the trial court erred by denying her request for a punishment
charge on sudden passion. At the punishment phase, Johnson asked the trial court to instruct the jury
pursuant to Section 19.02(d) of the Texas Penal Code. That section provides that, if a defendant
proves by a preponderance of the evidence that he or she caused the victim's death while under the
immediate influence of sudden passion arising from an adequate cause, the offense is a
second-degree felony rather than a first-degree felony. See Tex. Penal Code Ann. § 19.02(d)
(Vernon 2003). The trial court rejected the proposed charge.

 "Sudden passion" is "passion directly caused by and arising out of provocation by the
individual killed or another acting with the person killed which passion arises at the time of the
offense and is not solely the result of former provocation." Tex. Penal Code Ann. § 19.02(a)(2)
(Vernon 2003). "Adequate cause" is a "cause that would commonly produce a degree of anger, rage,
resentment, or terror in a person of ordinary temper, sufficient to render the mind incapable of cool
reflection." Tex. Penal Code Ann. § 19.02(a)(1) (Vernon 2003).

 Under current law, sudden passion is a mitigating circumstance at punishment that can reduce
the level of the offense. Tex. Penal Code Ann. § 19.02(c), (d) (Vernon 2003). Before a defendant
is entitled to a jury instruction on sudden passion, he or she must prove that there was an adequate
provocation; that a passion or an emotion such as fear, terror, anger, rage, or resentment existed; that
the homicide occurred while the passion still existed and before there was reasonable opportunity
for the passion to cool; and that there was a causal connection between the provocation, the passion,
and the homicide. McKinney v. State, 179 S.W.3d 565, 569 (Tex. Crim. App. 2005); Trevino v.
State, 100 S.W.3d 232, 238 (Tex. Crim. App. 2003).

 A jury should receive a sudden passion charge if it is raised by the evidence, even if that
evidence is weak, impeached, contradicted, or unbelievable. Trevino, 100 S.W.3d at 238. However,
the evidence cannot be so weak, contested, or incredible that it could not support such a finding by
a rational jury. Id.

 Johnson directs us to a DVD recording of an interview of her shortly after the stabbing as
evidence showing her state of mind. She argues this shows Arnold provoked an emotional reaction
in Johnson when he did not leave despite being told to do so, when he verbally abused her, and when
he pursued her for sexual favors.

 Although Arnold's behavior apparently did cause an emotional response in Johnson, the
position she consistently took in the recorded videotaped interview, in her own live testimony, and
in her written statement was that the stabbing was accidental, not the result of an emotionally
provoked intentional act. While that does not end the inquiry, the lack of evidence of sudden passion
does end it.

 Although an accident defense during the guilt phase of the trial does not preclude a
sudden-passion instruction at punishment, there must be some evidence to indicate
that the appellant acted under the influence of sudden passion, even if that evidence
is contrary to other evidence in the case.

McKinney, 179 S.W.3d at 571. The trial court ruled in McKinney that, when the provocation
included only yelling at and pushing the defendant, those actions did not "rise to the level of
adequate cause" and there was no evidence the verbal abuse and physical pushing "produced a degree
of anger, rage, resentment, or terror . . . sufficient to render [defendant's] mind incapable of cool
reflection." Id. at 570.

 Here, there is no evidence--not in Johnson's live testimony, her recorded interview, or her
written statement--that Arnold's provocative behavior provided adequate cause for the stabbing or
that the provocation produced in Johnson sufficient emotions to have rendered her mind incapable
of cool reflection. Under these facts, we cannot conclude the trial court erred by failing to give the
jury an instruction on the issue of sudden passion at punishment.

 We affirm the judgment.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: November 7, 2006

Date Decided: January 8, 2007


Do Not Publish



te, 986 S.W.2d 693, 696 (Tex. App.-Amarillo 1998, no pet.); Guzman v. State,
923 S.W.2d 792, 799 (Tex. App.-Corpus Christi 1996, no pet.); Weed v. State, 891 S.W.2d 22, 24
(Tex. App.-Fort Worth 1995, no pet.). The minimum punishment for possession of cocaine in an
amount greater than four grams, but less than 200 grams, is two years. See Tex. Health & Safety
Code Ann. § 481.115(d) (Vernon Supp. 2002); Tex. Pen. Code Ann. § 12.33(a) (Vernon 1994). 
Here the trial court imposed a ten-year sentence.

 The trial court's sentencing decision is not an abuse of discretion. The court was confronted
with evidence Webster was engaging in numerous drug transactions. It could have reasonably
concluded that Webster had not succeeded on community supervision and that the original sentence
should be imposed.

 We have otherwise reviewed the record and found no arguable issues for appeal. The
judgment is affirmed.




 Ben Z. Grant

 Justice


Date Submitted: July 11, 2002

Date Decided: July 12, 2002


Do Not Publish
1. The State abandoned the possession of cocaine allegation.