In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00108-CV


______________________________






IN THE INTEREST OF T.W.C., A MINOR CHILD





 


On Appeal from the 71st Judicial District Court


 Harrison County, Texas


Trial Court No. 95-0276




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION


 Over thirteen years has passed since Wendell N. Warner was found to be the father of, and
was ordered to pay child support for, T.W.C. Since that original order, no less than three bills of
review (1) and two enforcement actions have been filed, ultimately culminating in a July 31, 2008,
judgment against Warner for $42,818.99 in past due child support. Warner appeals that judgment,
citing the result of the first bill of review--which set aside the original child support order--but
ignoring the result of the third bill of review--which reinstated the original child support order. We
affirm the 2008 judgment, because the ultimate effect of the legal maneuvering is the reinstatement
of the original child support order.

 First, we set out the detailed legal history, then we discuss the legal effect.

 The original order of paternity and child support was signed January 17, 1996. (2) 
Approximately ten months later, Warner filed a petition for bill of review (the "first bill of review")
challenging the order. On April 21, 1997, the trial court signed a default judgment vacating the
original order. 

 On November 26, 1997, the Texas Attorney General filed a bill of review (the "second bill
of review"), also under cause number 96-1042, alleging Warner had failed to properly serve the first
bill of review. (3) The record does not indicate whether Warner was served with a copy of this petition. 
The trial court granted the Texas Attorney General's Office a default judgment December 19, 1997. 
On February 13, 1998, the trial court referred the case to "the Master appointed pursuant to  Texas
 Family  Code  Chapter  201,  subchapter  B"  and  ordered  Warner  to  appear  for  a hearing March
6, 1998. The record does not reflect whether the hearing was held. On February 25, 1998, Warner
filed an untimely motion for new trial alleging the second bill of review was an ex parte motion and
had not been served on Warner. Based on the record before us, this motion is a nullity. (4) The record
does not establish that the trial court granted sua sponte a new trial. The record contains an order,
in cause number 96-1042, which dismissed the proceeding for want of prosecution July 17, 2000. 
Based on the record before us, the order of dismissal appears to have no legal effect. (5) The default
judgment rendered December 19, 1997, was not appealed or challenged.

 On May 8, 1998, the Attorney General filed another bill of review (the "third bill of review"),
in cause number 98-0469, alleging Warner failed to serve the Attorney General in the first bill of
review. (6) Warner filed an answer alleging the Attorney General lacked standing to file the third bill
of review and had failed to join T.W.C.'s mother, a necessary party, to the lawsuit. The trial court
signed a judgment November 21, 2003, reinstating the original order. This judgment was not
appealed or challenged.

 On September 15, 2000, the Attorney General filed a motion for enforcement (the "first
enforcement proceeding") against Warner under the original order. This enforcement action was
filed while the third bill of review was still pending. Warner filed an answer asserting res judicata
as a defense. The Attorney General filed a notice of nonsuit on the same day Warner filed his answer. 
 On February 15, 2008, the Attorney General filed another enforcement proceeding (the
"second enforcement proceeding") against Warner. The record does not contain an answer filed by
Warner to the second enforcement proceeding, but does contain at least two motions for
continuances filed by Warner's attorney. The trial court held a hearing July 31, 2008, at which
Warner was represented by counsel. Warner filed a motion to dismiss the second enforcement
proceeding for lack of jurisdiction on the same day as the hearing. In the motion to dismiss, Warner
claimed the trial court lacked jurisdiction because the first bill of review vacated the original order. 
At the hearing, the trial court took judicial notice of the original order and admitted into evidence
the pay record submitted by the Attorney General. On July 31, 2008, the trial court signed a
judgment against Warner for $42,818.99 in past due child support. 

 Warner's issues on appeal collaterally attack (7) the second bill of review. Warner complains
that the second bill of review was not verified and not brought as a separate proceeding and that the
record fails to demonstrate that the Attorney General properly served citation on Warner in the
second bill of review. (8)

 Warner, though, has not challenged the third bill of review, (9) which was granted in 2003 and
reinstated the original order. By reinstating the original order, the third bill of review vacates the
first bill of review and renders irrelevant any arguments concerning the second bill of review. 
Warner filed an answer to the third bill of review. (10) As noted above, the third bill of review was not
appealed and has not been vacated. It is not necessary for us to address Warner's complaints
because, even if the second bill of review were ineffective for any reason, the third bill of review
would still vacate the first bill of review and reinstate the original order. Therefore, the trial court 

had jurisdiction, based on the reinstated original order, to enter the judgment from which Warner
appeals. For the reasons stated, (11) we affirm the judgment of the trial court.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: February 24, 2009

Date Decided: March 5, 2009
1. "A bill of review is an independent equitable action brought by a party to a former action
seeking to set aside a judgment no longer appealable or subject to motion for new trial." State v.
1985 Chevrolet Pickup Truck, 778 S.W.2d 463, 464 (Tex. 1989). A bill of review must be filed in
the court that rendered the judgment. Richards v. Comm'n for Lawyer Discipline, 81 S.W.3d 506,
508 (Tex. App.--Houston [1st Dist.] 2002, no pet.). When a trial court has jurisdiction to render
the judgment complained of, a bill of review proceeding is the exclusive method of vacating the
judgment. McEwen v. Harrison, 162 Tex. 125, 345 S.W.2d 706, 710 (1961). 
2. Throughout this opinion, our reference to the "original order" refers to this order.
3. In Texas, as a new independent cause of action, the bill of review should be assigned a
different cause number than the judgment being attacked. Amanda v. Montgomery, 877 S.W.2d 482,
485 (Tex. App.--Houston [1st Dist.] 1994, no writ). The Attorney General's bill of review also was
not verified. 
4. To be timely, a motion for new trial must be filed within thirty days after the judgment is
signed.   Tex.  R.  Civ.  P.  329b(a).  Thus,  any  motion  for  new  trial  should  have been  filed  by
January 18, 1998. The record does not contain any motion under Rule 306a. See Tex. R. Civ. P.
306a (extends deadlines for filing motion for new trial for up to ninety days after judgment is signed
if party fails to receive clerk's notice of judgment or fails to acquire actual notice of judgment within
twenty days of judgment). Although a trial court may grant a new trial under its inherent authority
before the court loses plenary power, Rules 5 and 329b of the Texas Rules of Civil Procedure do not
permit a trial court to enlarge the time for filing new trial motions. Moritz v. Preiss, 121 S.W.3d
715, 720 (Tex. 2003) (untimely motion for new trial is nullity); see Tex. R. Civ. P. 5, 329b.
5. The proceeding does not indicate which of the two petitions with the same cause number
was being dismissed. The Attorney General's Office argues this order dismissed the first bill of
review filed by Warner. Yet, the trial court had lost plenary power over the first bill of review before
the filing of the second bill of review. Because there is no record that a motion for new trial was
filed, the trial court lost plenary power over the first bill of review thirty days after the judgment was
signed. See Tex. R. Civ. P. 329b(d). Since dismissal was considerably more than thirty days after
the first bill of review was signed, the trial court lacked plenary power to dismiss the first bill of
review. See Tex. R. Civ. P. 329b(f). Nor is it possible this order dismissed for want of prosecution
the second bill of review filed by the Attorney General. A bill of review is a separate proceeding,
and the second bill of review should have been assigned a different cause number. The trial court,
though, had also lost plenary power to modify the grant of the second bill of review filed by the
Attorney General because the dismissal order was entered more than thirty days after the judgment
granting the bill of review. See id.
6. The third bill of review was also not verified. 
7. "A collateral attack is an attempt to avoid the binding force of a judgment in a proceeding
not instituted for the purpose of correcting, modifying, or vacating the judgment, but in order to
obtain some specific relief which the judgment currently stands as a bar against." Browning v.
Prostok, 165 S.W.3d 336, 346 (Tex. 2005). Generally, collateral attacks on final judgments are
prohibited; only a void judgment may be collaterally attacked. Id. A void judgment is not
susceptible to ratification or confirmation, and its nullity cannot be waived. Easterline v. Bean, 121
Tex. 327, 49 S.W.2d 427, 429 (1932); In re Guardianship of Erickson, 208 S.W.3d 737, 740 (Tex.
App.--Texarkana 2006, no pet.). A judgment, though, is void only when the court rendering
judgment "had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no
jurisdiction to enter the particular judgment, or no capacity to act." Browning, 165 S.W.3d at 346.
8. The Texas Supreme Court has held strict compliance with the rules for service of citation
must affirmatively appear on the record. Wachovia Bank of Delaware v. Gilliam, 215 S.W.3d 848,
850 (Tex. 2007) (restricted appeal). The Attorney General argues Warner's untimely motion for new
trial constituted a general appearance. In the alternative, the Attorney General argues Warner cannot
challenge the jurisdictional recitations in the judgment. The trial court found that "it has jurisdiction
of the parties and the subject matter of this suit." The Attorney General also argues the filing of a
bill of review in the same cause number as the suit being challenged is waivable error citing Medeles
v. Nunez, 923 S.W.2d 659, 661 (Tex. App.--Houston [1st Dist.] 1996, writ denied), overruled on
other grounds, Barker CATV Const., Inc. v. Ampro, Inc., 989 S.W.2d 789, 792-3 (Tex.
App.--Houston [1st Dist.] 1999, no pet.). It is not necessary for us to decide these issues. 
9. The third bill of review is also not verified. A petition for a bill of review is required to be
verified. Galaznik v. Galaznik, 685 S.W.2d 379, 382 (Tex. App.--San Antonio 1984, no writ). The
failure to verify a bill of review, though, is not a jurisdictional error. Any pleading defect "either of
form or of substance" must be "pointed out by exception in writing" and brought to the attention of
the trial court or it is waived. Tex. R. Civ. P. 90; cf. Aquila Sw. Pipeline, Inc. v. Harmony
Exploration, Inc., 48 S.W.3d 225, 233 (Tex. App.--San Antonio 2001, pet. denied). Any error
concerning verification was waived.
10. The filing of an answer normally waives any defect in the service of citation. Tex. R. Civ.
P. 121; see Baker v. Monsanto Co., 111 S.W.3d 158, 160 (Tex. 2003) (per curiam).
11. This opinion should not be interpreted as holding no errors are contained in the record. This
opinion addresses only the errors the parties have assigned for our review.



nt-family: Times New Roman"> In the present case, the trial court found the allegation Bonner failed to abstain from
alcohol not true. Therefore, the videotape, which revealed evidence of Bonner's
intoxication and his admission to drinking that night, did not serve as the basis for the
revocation of his community supervision. Even if it had, the videotape was largely
cumulative of Rochelle's testimony that Bonner appeared intoxicated and that Bonner
admitted having "a couple of beers" that night.

 Further, the issue in this case was the revocation of Bonner's community
supervision. The decision to revoke community supervision is within the trial court's
discretion. Wester v. State, 542 S.W.2d 403, 405 (Tex. Crim. App. 1976); Allen v. State,
946 S.W.2d 115, 116 (Tex. App.Texarkana 1997, no pet.). We review the trial court's
ruling for abuse of discretion. See Jackson v. State, 645 S.W.2d 303, 305 (Tex. Crim.
App. 1983); Lopez v. State, 46 S.W.3d 476, 482 (Tex. App.-Fort Worth 2001, pet. ref'd).

 The trial court cannot revoke community supervision without a showing the
defendant violated a condition of community supervision. DeGay v. State, 741 S.W.2d
445, 449 (Tex. Crim. App. 1987); Allen, 946 S.W.2d at 116. When there is sufficient
evidence to support a finding the defendant violated a condition of supervision, the trial
court does not abuse its discretion by revoking community supervision. See Cardona v.
State, 665 S.W.2d 492, 493-94 (Tex. Crim. App. 1984); Stevens v. State, 900 S.W.2d 348,
351 (Tex. App.-Texarkana 1995, pet. ref'd). Proof of a single violation is sufficient to
support revocation of community supervision. O'Neal v. State, 623 S.W.2d 660, 661 (Tex.
Crim. App. 1981); Myers v. State, 780 S.W.2d 441, 445 (Tex. App.Texarkana 1989, pet.
ref'd).

 Bonner admitted he drove a vehicle that was not equipped with an ignition interlock
device and admitted he failed to report to the community supervision department as
directed. In fact, Bonner pled true to these allegations. Therefore, the trial court did not
abuse its discretion in revoking his community supervision, even if it did err in admitting the
videotape.

 Bonner also contends he was not required to take Anabuse on the days he was
alleged to have failed to take it. The basis of his contention is his belief that, in the 1995
order placing him on "shock probation," he was only ordered to take Anabuse for one year. 
However, the order in question required him to take Anabuse daily. 

 Nevertheless, the record shows the trial court modified the terms of his community
supervision in 1999, requiring him to "report daily to his probation officer . . . to take
Anabuse for a period of one year." The record also shows the State alleged Bonner failed
to take Anabuse on dates within one year of the modified order. Further, Bonner admitted
he was aware of the requirement that he take Anabuse daily, and the record shows he
appeared regularly at the community supervision office to take Anabuse except on the
days alleged in the State's motion to revoke his community supervision.

 In any event, any error is harmless, as Bonner admitted he drove a vehicle not
equipped with an ignition interlock device and admitted he failed to report to the community
supervision department as directed. As mentioned previously, proof of these violations is
a sufficient basis, in and of itself, for the trial court to revoke Bonner's community
supervision.

 We affirm the judgment.


 Donald R. Ross

 Justice


Date Submitted: March 12, 2002

Date Decided: March 19, 2002


Do Not Publish


1. Anabuse is a drug that causes violent naseau and vomiting if the person ingests
alcohol.