**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Richard Keathley WOOLDRIDGE,**
**Defendant-Appellant.**

**No. 74–3099**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Feb. 24, 1975.

---

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Appellant Wooldridge seeks reversal of his conviction for possession with intent to distribute approximately 221 pounds of marijuana in violation of 21 U.S.C. § 841(a)(1). He argues on appeal that the stopping of his vehicle by federal agents ninety miles from the Mexican border violated the Supreme Court's *Almeida-Sanchez*[1] directives, that the evidence on which his conviction was based was illegally seized, and that admission into evidence of statements he made to a federal agent violated his Fifth Amendment rights. Because we find these contentions to be without merit, we affirm his conviction.

U. S. Border Patrol agents stopped Wooldridge's automobile at a permanent check point near Sarita, Texas during the early morning hours of July 30, 1972. One agent testified that "the car appeared to be loaded in that the rear of the car was lower than you ordinarily expect the rear of the car to be unless something is in the trunk . . . to make it heavy." The agent opened the front door of the vehicle and immediately detected a strong odor of marijuana. The agent directed Wooldridge to drive onto a side ramp for further inspection. Wooldridge opened the trunk at the agent's direction and thereby revealed several large burlap sacks containing over 221 pounds of marijuana. The agents arrested Wooldridge and immediately gave him *Miranda*[2] warnings both orally and in writing. The U. S. Customs Service agent who came to take Wooldridge into custody again advised him of his right to remain silent. During the ride to Corpus Christi, Wooldridge made certain incriminating statements to the customs agent which were admitted as evidence at trial over the defendant's objection.

Max J. Luther, III, Corpus Christi, Tex., for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., Houston, Tex., Edward B. McDonough, Jr., B. Stephen Rice, Asst. U. S. Atty., Corpus Christi, Tex., James R. Gough, Jr., Mary L. Sinderson, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

1. Almeida-Sanchez v. United States, 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596 (1973).

2. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

804

This court's decision in United States v. Miller, 492 F.2d 37 (5th Cir. 1974), aff'd en banc, 499 F.2d 1247 (1974), disposes of Wooldridge's initial argument that *Almeida-Sanchez* must be applied retroactively. In that case we held that the Supreme Court's *Almeida-Sanchez* ruling of June 21, 1973, would have only prospective application. The search at issue in this case occurred some eleven months prior to that decision. See also United States v. Merla, 493 F.2d 910 (5th Cir. 1974). The appellant's car was therefore stopped incident to a valid border search.[3]

■ Appellant's second contention, that the Border Patrol agents lacked probable cause to search his automobile, is undermined by our even more recent decision in United States v. Cantu, 504 F.2d 387 (5th Cir. 1974). In *Cantu,* we concluded that, under the facts presented, Border Patrol agents had probable cause to believe that the automobile which they had properly stopped contained contraband. In that case, the inspecting agent smelled marijuana, observed marijuana particles on the floor of the car, and noted that the rear seat was displaced. In the present case, the agent detected the strong odor of marijuana and observed that the car was riding in an abnormally low fashion. These circumstances established probable cause that the car contained contraband, and the "exigent circumstances" of the moveable vehicle on the highway justified the warrantless search. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925).

■ Wooldridge's third argument on appeal, asserting that admission at trial of his incriminating statements to the customs agent violated the Fifth Amendment, is equally unpersuasive. Prior to making the statements, Wooldridge had been advised of his right to remain silent by two different federal agents. In

knowingly and voluntarily making the subsequent statements, he waived his Fifth Amendment protections.

The conviction is affirmed.

---

**3.** Even under post-*Almeida-Sanchez* law, the initial intrusion in this case, which ultimately led to the agent's reasonable suspicion that Wooldridge's vehicle contained contraband, would appear valid. In United States v. Hart,

506 F.2d 887 (5th Cir. 1975), we held that Border Patrol agents may legally stop and search vehicles for aliens at permanent check points constituting "functional equivalents" of the border.