**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Jose Nabor CANTU,**
**Defendant-Appellant.**

**No. 74–3537**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

April 7, 1975.

Homer Salinas, Mercedes, Tex., for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Appellant Jose Nabor Cantu seeks reversal of his conviction of importation and possession with intent to distribute 192 pounds of marijuana. He alleges that the search was illegal and that the marijuana should have been suppressed. He also argues that the marijuana should have been introduced into evidence at trial. We have reviewed the record and find these contentions to be without merit and affirm.

Appellant and a female passenger were stopped at the Sarita checkpoint at about 11:40 p. m. on January 31, 1974. They stopped at the stop sign and waited for the border patrolman to come out of the office. As he approached the vehicle, the officer detected the odor of marijuana, a smell which increased when the passenger rolled down the window. The

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5 Cir. 1970, 431 F.2d 409, Part I.

officer asked Cantu to open the trunk. When the trunk was opened it revealed a footlocker, several suitcases, and some loose bricks or packages of marijuana. Appellant was arrested and advised of his rights. He then admitted to the Drug Enforcement Administration agent on the way back to Corpus Christi that the marijuana was his and that he had arranged to import it from Mexico.

Appellant was tried before the court. At trial several stipulations were entered into by appellant and the government. They stipulated that the substance was marijuana and that there was 192 pounds of it. Appellant's motion to suppress was denied, the court finding that *Almeida-Sanchez*[1] had no applicability, and that this search was at the functional equivalent of the border. Searches by the Border Patrol at permanent checkpoints were upheld by us in United States v. Hart, 506 F.2d 887 (5th Cir. 1975).

However, the search here was valid even under pre-*Hart* and pre-*Almeida-Sanchez* law. In United States v. Cantu, 504 F.2d 387 (5th Cir. 1974), we reviewed that law and concluded the Border Patrol had authority to stop cars for border searches under 8 U.S.C. § 1357 and 8 C.F.R. § 287.1. Once they had stopped the car, they were empowered to search for aliens.

As soon as the investigatory stop was made, the officer had reasonable suspicion, ripening into probable cause that the vehicle contained contraband. Given the existence of probable cause, there were sufficient exigent circumstances to justify a warrantless search. The search here was valid. The motion to suppress was properly denied. United States v. Wooldridge, 508 F.2d 802 (5th Cir. 1975).

Appellant's argument that the marijuana should have been introduced at trial as the "best evidence" is without merit. Appellant stipulated to chain of custody, amount, and chemical analysis that the substance seized was marijuana.

He is bound by his stipulation. See United States v. Graham, 464 F.2d 1073 (5th Cir. 1972), which holds that the contraband need not be introduced when there is other reliable evidence which establishes the nature of the contraband.

Affirmed.

---

1.   Almeida-Sanchez v. United States, 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596 (1973).