**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 15, 2009

Charles R. Fulbruge III
Clerk

No. 08-20518
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRANDON BANKS, also known as Emekwanem Ibe Biosah,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-420-ALL

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Brandon Banks was convicted of possession of stolen mail, *see* 18 U.S.C. § 1708, and of aggravated identity theft, *see* 18 U.S.C. § 1028A. He was sentenced to serve two consecutive terms of 24 months in prison. He appeals, contending that the district court committed plain error by accepting a nolo contendere plea from him. He contends, in the alternative, that if it is determined that he pleaded not guilty his conviction for aggravated identity

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

theft should be vacated for lack of sufficient evidence. He asserts neither that he pleaded guilty nor that he pleaded nolo contendere.

It is unclear from the record whether the district court found Banks guilty after a stipulated bench trial or on a plea of nolo contendere. At the hearing at which he was found guilty, the court asked Banks if he wished to proceed to a bench trial on a not guilty plea but on stipulated facts. The court told Banks that at the end of the trial on stipulated facts it would pronounce its decision and that Banks would retain appellate rights. The court also advised Banks that the bench trial did not require that he plead guilty. Banks advised the district court that that was what he wanted. The prosecutor read into the record the statement of stipulated evidence and offered into evidence an evidentiary stipulation signed by Banks. The parties agreed that Banks's appeal rights included the right to appeal the denial of his motion to suppress evidence on the basis that the search warrant was defective.

After conducting a trial on stipulated facts, but before pronouncing judgment, the court inquired as to Banks's plea. Although the transcript reveals that Banks said not guilty, the district court seems to have misunderstood Banks to have pleaded guilty. When clarification of Banks's plea was sought, however, Banks's counsel stated that Banks pleaded nolo contendere (or "no contest," in counsel's words). The district court then announced that the final plea was one of nolo contendere; but it then declared Banks guilty based on uncontested, stipulated facts. The written judgment states that Banks was convicted after pleading not guilty.

A guilty plea must be intelligent and voluntary. *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969). Banks contends that if he was convicted on a guilty plea it was not an intelligent and voluntary one. *See also* FED. R. CRIM. P. 11, advisory committee notes to 1974 amendments (stating that a plea of nolo contendere "is, for purposes of punishment, the same as the plea of guilty"). If Banks was convicted on a plea of nolo contendere, we will have to determine

whether his conviction survives scrutiny. *See Boykin*, 395 U.S. at 243; Rule 11. Consequently, it is necessary to know whether Banks was found guilty based on a plea of nolo contendere or after a bench trial on stipulated facts.

Accordingly, we order a LIMITED REMAND to the district court for the sole purpose of advising us, through an appropriate supplement to the record that is "adequate to facilitate our review," whether Banks was convicted after a trial on stipulated facts or on a plea of nolo contendere. *Myers v. Gulf Oil Corp.*, 731 F.2d 281, 284 n.11 (5th Cir. 1984). Once the record has been supplemented, the case shall be returned to this court for further proceedings. This court retains jurisdiction over the case for all other purposes.