# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 19, 2010

No. 08-20518

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRANDON BANKS, also known as Emekwanem Ibe Biosah,

Defendant - Appellant.

Appeal from the United States District Court
for the Southern District of Texas

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:

Brandon Banks appeals his convictions for possession of stolen mail under 18 U.S.C. § 1708 and aggravated identify theft under 18 U.S.C. § 1028A, arguing that his conviction for aggravated identity theft should be vacated for lack of sufficient evidence.  Banks is foreclosed from raising his sufficiency argument.  Accordingly, we AFFIRM.

## I.

In September 2007, law enforcement officers conducted a warrant search of Brandon Banks's home in Sugar Land, Texas, finding hundreds of "credit card mailing[s]," including credit cards and reports from credit card issuers. The officers also found cellular telephones and subscriber identity module cards

for cellular telephone numbers. Banks was indicted on ten counts of bank fraud and on one count each of conspiracy to commit bank fraud, fraud in connection with identification documents, possession of stolen mail, and aggravated identity theft. Banks moved to suppress the seized evidence, contending that the search and his consequent arrest were based on an invalid search warrant supported by nothing more than a "barebones" affidavit that failed to state sufficient probable cause. The district court denied his suppression motion.

On the day of trial, but before he was placed under oath, Banks stated in open court that he did not want a trial and that he wanted to plead guilty in accordance with the terms of a proposed plea agreement. The court then attempted to confirm whether to re-arraign Banks or to conduct a bench trial on stipulated facts. The prosecutor stated that there would be a bench trial on stipulated facts as "[the parties] had previously agreed to," and Banks's counsel then stated that the prosecutor had all the necessary paperwork. His counsel confirmed that Banks understood both that he was waiving "a right to a trial by jury [and] electing to proceed on stipulated facts," and that he understood "his rights and the shortcomings, in effect, of going to trial based upon stipulated facts."

The court then conducted a bench trial on stipulated facts. During the trial, the prosecutor offered into evidence the government's Stipulation of Evidence, which was signed and dated by the parties, and read that stipulation into the record. The parties also informed the court that a Memorandum of Agreement (Memorandum), which was attached to the stipulation, "spelled out very clearly" that the parties were proceeding under a stipulated bench trial so that Banks could reserve his right to appeal the district court's denial of his suppression motion. In the Memorandum, Banks agreed that facts stated in the Stipulation of Evidence "are true and [that he] does not object to their

admissibility into evidence against him at trial." Furthermore, the parties specifically agreed in the Memorandum "that the facts stated in the Stipulation of Evidence constitute sufficient evidence for the [c]ourt to find [Banks] guilty . . . beyond a reasonable doubt" and that "[t]he defendant acknowledges that by allowing the stipulation to be used as evidence against him he will be found guilty and convicted."

Before rendering judgment, however, the court inquired again as to Banks's plea—"just for the record." Although Banks clearly stated again that he pleaded "not guilty," the court noted that he pleaded "guilty." In response to the court reporter's subsequent request for clarification, Banks's counsel stated that his client pleaded "[n]o contest," and Banks confirmed that he pleaded "no contest." Following this exchange, the court declared that Banks's final plea was a "no contest plea" and that "the record will remain as it is." The court, however, then declared Banks guilty "based upon . . . the uncontested evidence and the agreed statement of facts" and, immediately thereafter, approved the Stipulation of Evidence and "waiver of trial by jury" and entered the documents into the record. Then, for the first time, the court placed Banks under oath, and Banks confirmed that he pleaded "no contest to the stipulated facts." The court noted that this is "a procedure we don't use very often" and that there "will be no trial in this case." The written judgment states that Banks "was found guilty . . . after a plea of not guilty."

## II.

Recognizing the lack of clarity as to Banks's plea, this court previously ordered "a LIMITED REMAND to the district court for the sole purpose of advising [this court], through an appropriate supplement to the record that is 'adequate to facilitate our review,' whether Banks was convicted after a trial on stipulated facts or on a plea of nolo contendere." *United States v. Banks*, 343 F.

App'x 992, 994 (5th Cir. 2009) (citation omitted).  On remand, the district court clarified for the record that "Banks pleaded no contest to the stipulated facts," and "[b]ased upon the stipulated facts, the [c]ourt found [Banks] guilty as charged."  Banks also conceded at oral argument that the district court found him guilty after a bench trial on stipulated facts.[1]  Accordingly, we address Banks's argument that his conviction for aggravated identity theft should be vacated because the government failed to adduce sufficient evidence to prove an element of his offense.[2]  Principally, Banks argues that the Stipulation of Evidence used by the district court to determine his guilt was insufficient to support a conviction for aggravated identity theft.  His argument, however, is specifically foreclosed by his undisputed agreements with the government.

Evidentiary stipulations are binding on the parties, *United States v. Cantu*, 510 F.2d 1003, 1004 (5th Cir. 1975); *cf. Jackson v. Louisiana*, 980 F.2d 1009, 1011 n.7 (5th Cir. 1993) (noting in a civil case that a defendant cannot renounce a stipulation on appeal).  Moreover, they may provide sufficient evidence of the elements of a charged offense.  *United States v. Kleinschmidt*, 596 F.2d 133, 136 (5th Cir. 1979).  In the Memorandum, which was attached to the Stipulation of Evidence, Banks specifically agreed that the stipulated evidence was sufficient for the court to find Banks guilty beyond a reasonable doubt.  That is, reading both documents together, Banks not only stipulated to

---

[1] In his briefs before this court, Banks argues that the district court committed plain error by accepting a *nolo contendere* plea from him in violation of Rule 11 of the Federal Rules of Criminal Procedure.  Because he conceded at oral argument that the district court found him guilty after a bench trial on stipulated facts, however, we need not address Banks's Rule 11 concerns.  See *United States v. Robertson*, 698 F.2d 703, 708 (5th Cir. 1983) ("By its express terms, Rule 11 applies only to guilty or *nolo contendre* pleas." (citing Fed. R. Crim. P. 11(c), (d), (e), (f)).

[2] Notably, Banks does not appeal the district court's denial of his suppression motion, which, according to the Memorandum and his statements before the district court, was the reason why Banks decided to proceed with a bench trial on stipulated facts in the first place.

the veracity of the facts contained in the Stipulation of Evidence, but also agreed with the government that such facts "constitute sufficient evidence for the [c]ourt to find him guilty as charged . . . beyond a reasonable doubt." In fact, he acknowledged that "by allowing the stipulation to be used as evidence against him he will be found guilty and convicted of these counts of the indictment." Although he had an opportunity during the bench trial to object to the evidentiary sufficiency, he abided by the Memorandum and did not do so. *See United States v. Robertson*, 698 F.2d 703, 709 (5th Cir. 1983) (recognizing the binding nature of evidentiary stipulations where the defendant "had ample opportunity during the trial to protest the procedure if he disagreed with it" and made "no allegation that he was under any compulsion to make the challenged stipulations or that he had ineffective assistance of counsel" (citations omitted)).

Banks does not dispute that he had agreed in the Memorandum that the stipulated facts were sufficient. Nevertheless, Banks fails to explain in his briefs why this court should now permit him to change his mind and argue sufficiency on appeal. Only at oral argument did Banks attempt to provide an explanation, urging that (1) the Stipulation of Evidence, itself, did not specify that the evidence was sufficient, (2) the Memorandum is not a stipulation of evidence, and (3) the Memorandum does not prevent Banks from challenging the sufficiency of the evidence because it is not a formal plea agreement. These arguments, however, are waived, and we need not consider them. *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994) (citations omitted) ("An appellant abandons all issues not raised and argued in its *initial* brief on appeal.").

Furthermore, even assuming *arguendo* that these arguments are not waived, they are unpersuasive. Contrary to Banks's suggestion, the Stipulation of Evidence should not be read in a vacuum but rather in tandem with the attached Memorandum, which was approved by the court without objection and admitted into the record. Here, the documents should be viewed together as a

single, binding agreement wherein Banks stipulates to the truthfulness of certain facts and agrees that such evidence is sufficient. Indeed, this is the only logical way to interpret these documents.

In this case, the two documents were attached to each other, and the government offered both documents into evidence simultaneously. Moreover, the government specifically referenced the Memorandum on the record as evidence of the parties' underlying reasoning for proceeding with a bench trial on stipulated facts in the first place. Here, the parties agreed to that procedure so that Banks could reserve his right to appeal the denial of his motion to suppress. Furthermore, following the verdict, the government asked the court to formally approve the Stipulation of Evidence and waiver of trial by jury. Although the government did not specifically ask the court to approve the Memorandum, it is the only agreement in the record that includes Banks's waiver of a right to trial by jury, and it is clear that the government was referencing the Memorandum. The district court then signed the Stipulation of Evidence and entered both the Stipulation of Evidence and the attached Memorandum into the record.

Thus, given the record as a whole, Banks's attempt to differentiate between the Memorandum and the Stipulation of Evidence highlights nothing more than an overly technical distinction without a difference. Banks should not be permitted to avoid an explicit signed agreement that was entered into evidence with no objection at trial. Accordingly, we reject Banks's first two arguments. Similarly, Banks's third untimely argument—that the Memorandum is not binding because it is not a formal plea agreement—is unpersuasive. *See, e.g.*, *Cantu*, 510 F.2d at 1004 (holding that Appellant "is bound by his stipulation").

No. 08-20518

### III.

Banks pleaded not guilty to the charges and agreed to both the truth and the sufficiency of the stipulated facts. Based on that agreement, the district court found Banks guilty after a bench trial on the stipulated facts. Because his agreement with the government forecloses any challenge to the sufficiency of the evidence, the judgment is AFFIRMED.