# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-30651
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
July 5, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CHANDA L. HALL,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:21-CR-6-1

---

Before BARKSDALE, HIGGINSON, and HO, *Circuit Judges*.

PER CURIAM:[*]

Chanda L. Hall appeals her bench-trial convictions for wire fraud and making false statements, in violation of 18 U.S.C. §§ 1343, 1001(a)(2), claiming there was insufficient evidence to support her convictions. Additionally, she challenges the application of a two-level enhancement

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-30651

under Sentencing Guideline § 3C1.1 for obstructing the administration of justice.

Hall elected to testify at trial. Her waiver of her right to a jury trial and her plea of not guilty in a bench trial serves as a motion for acquittal, preserving her sufficiency-of-the-evidence challenges. *See United States v. Cardenas*, 9 F.3d 1139, 1159 (5th Cir. 1993).

Our review "focus[es] on whether the finding of guilt is supported by substantial evidence, *i.e.*, evidence sufficient to justify the trial judge, as the trier of fact, in concluding beyond a reasonable doubt that the defendant is guilty". *United States v. Smith*, 895 F.3d 410, 415 (5th Cir. 2018) (citation omitted). In that analysis, we neither weigh the evidence nor assess the credibility of witnesses. *E.g.*, *United States v. Tovar*, 719 F.3d 376, 388 (5th Cir. 2013). Evidence is viewed in the light most favorable to the Government, and we "defer to all reasonable inferences drawn by the trial court". *Id* (citation omitted).

The court found several aspects of Hall's testimony incredible. She has forfeited any challenge she may have had to this adverse credibility determination by failing to brief the issue. *See United States v. Banks*, 624 F.3d 261, 264 (5th Cir. 2010).

Hall reiterates the defensive theory presented at trial and asks us to reweigh the evidence and make our own credibility determinations, which we may not do. *See Smith*, 895 F.3d at 415. Her reliance on her testimony—again, which the district court found to be incredible in part—is insufficient to show her convictions were not supported by substantial evidence. *See* § 1343 (providing elements of wire fraud); § 1001(a)(2) (making false statements).

Hall does not challenge the court's alternative basis for the Guideline § 3C1.1 enhancement based on her providing false testimony at trial.

No. 22-30651

Accordingly, she has abandoned any challenge to that basis. *See Banks*, 624 F.3d at 264.

AFFIRMED.