# United States Court of Appeals for the Fifth Circuit

———————

No. 24-30137
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

November 6, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Michael J. Baniel,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:22-CR-87-1

———————————————————

Before Davis, Smith, and Higginson, *Circuit Judges*.

Per Curiam:[*]

Michael J. Baniel pleaded guilty to possession with intent to distribute 50 grams or more of methamphetamine. He was sentenced to 292 months of imprisonment, followed by 10 years of supervised release. Baniel appeals, challenging the district court's denial of his motion to suppress evidence recovered during a traffic stop and subsequent search of his vehicle.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

"When reviewing a denial of a motion to suppress evidence, this Court reviews factual findings for clear error and the ultimate constitutionality of law enforcement action de novo." *United States v. Robinson*, 741 F.3d 588, 594 (5th Cir. 2014). In addition to deferring to the district court's factual findings, this court must view the evidence in the light most favorable to the prevailing party, which in this case is the Government. *See United States v. Pack*, 612 F.3d 341, 347 (5th Cir.), *modified on denial of reh'g*, 622 F.3d 383 (5th Cir. 2010).

The legality of a traffic stop is analyzed under the standard set forth in *Terry v. Ohio*, 392 U.S. 1 (1968). *See United States v. Brigham*, 382 F.3d 500, 506 (5th Cir. 2004) (en banc). The court first considers whether the stop was justified at its inception. *Id.* If the stop was warranted, the court reviews whether later actions were reasonably related in scope to the circumstances that merited the stop or to dispelling the reasonable suspicion developed during the stop. *Pack*, 612 F.3d at 350.

Baniel argues that the traffic stop was never constitutional because its mission was not to address the traffic violation that warranted the stop, but to engage in a narcotics investigation. Where an officer making a stop has probable cause to believe that a traffic violation has occurred, the officer's decision to initiate a traffic stop does not violate the Fourth Amendment. *Whren v. United States*, 517 U.S. 806, 810 (1996). In such a case, the officer's subjective intent is irrelevant. *United States v. Lopez-Valdez*, 178 F.3d 282, 288 (5th Cir. 1999). Baniel does not contest, and has therefore abandoned, any argument that the trooper lacked probable cause to believe a traffic violation occurred. *See United States v. Banks*, 624 F.3d 261, 264 (5th Cir. 2010) (holding that an appellant abandons issues that are not raised in his opening brief); *see also Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986) (noting that this court does not give counseled briefs the benefit of liberal construction). Further, Baniel has abandoned any challenge to the trooper's

license plate reader check prior to the traffic stop. *See* Fed. R. App. P. 28(a)(8)(A); *United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010).

Baniel also contends that a reasonable traffic investigation did not follow the stop, and the trooper unreasonably extended his detention. Rather, Baniel asserts that the trooper merely worked to build reasonable suspicion or probable cause to continue the narcotics investigation while detaining him in an unconstitutional manner. Officers may question the driver about subjects unrelated to the traffic stop so long as those questions do not extend the stop's duration. *Pack*, 612 F.3d at 350. The record shows that the trooper's questioning and investigation "did nothing to extend the duration of the initial, valid seizure." *United States v. Shabazz*, 993 F.2d 431, 437 (5th Cir. 1993). Further, given the totality of the circumstances and considering all of the factors of the traffic stop in the aggregate, the district court did not err in concluding that Trooper Derrick had a reasonable basis, based on his experience, to suspect that Baniel was engaged in criminal activity and thus extend the stop pending the resolution of his concerns. *See United States v. Smith*, 952 F.3d 642, 648 (5th Cir. 2020); *Pack*, 612 F.3d at 350; *United States v. Ibarra-Sanchez*, 199 F.3d 753, 759 (5th Cir. 1999).

Additionally, to the extent that Baniel challenges the district court's factual findings, a factfinder's choice between two permissible views of the evidence cannot be clearly erroneous. *See United States v. Harris*, 740 F.3d 956, 967 (5th Cir. 2014). Lastly, to the extent that Baniel challenges whether the K-9 actually alerted and thus whether the trooper had probable cause to search his vehicle, he has abandoned any such argument by failing to adequately brief it. *See* Fed. R. App. P. 28(a)(8)(A); *Scroggins*, 599 F.3d at 446-47.

The judgment of the district court is AFFIRMED.