# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 7, 2024

Lyle W. Cayce
Clerk

No. 23-30880
Summary Calendar

———————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

HOWARD DAVIS,

*Defendant—Appellant*.

———————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:22-CR-197-1

———————————

Before JONES, DENNIS, and SOUTHWICK, *Circuit Judges*.

PER CURIAM:[*]

Howard Davis was convicted by a jury of possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine. He was sentenced to 262 months of imprisonment and a five-year term of supervised release. Davis appeals, challenging the district court's denial of his motion to suppress evidence

———————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

gathered before, during, and after a traffic stop that led to his conviction. He also challenges the sufficiency of the evidence to support his conviction.

First, Davis argues that the initial stop of the vehicle was unlawful because the officer's subjective intent in initiating the traffic stop was to conduct a narcotics-trafficking investigation and not a traffic-violation investigation. He also argues that the officer conducting the stop never engaged in a traffic-violation or safety-related investigation, but solely questioned Davis about subjects unrelated to the traffic stop.

When the entire record is viewed in the light most favorable to the prevailing party, *see United States v. Gentry*, 941 F.3d 767, 779 (5th Cir. 2019), the district court did not err in denying Davis's motion to suppress. Davis has abandoned any argument that the officer lacked probable cause to believe a traffic violation occurred. *See Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986); *see also United States v. Banks*, 624 F.3d 261, 264 (5th Cir. 2010) (holding that an appellant abandons issues that are not raised in his opening brief). Where an officer making a stop has probable cause to believe that a traffic violation has occurred, the officer's decision to initiate a traffic stop does not violate the Fourth Amendment. *Whren v. United States*, 517 U.S. 806, 810 (1996). In such a case, the officer's subjective intent is irrelevant. *United States v. Lopez-Valdez*, 178 F.3d 282, 288 (5th Cir. 1999).

Furthermore, an officer may question a driver about subjects unrelated to the traffic stop so long as those questions do not extend the stop's duration. *United States v. Pack*, 612 F.3d 341, 350 (5th Cir.), *modified on denial of reh'g*, 622 F.3d 383 (5th Cir. 2010). The record supports the conclusion that the officer's questioning and investigation did not extend the duration of the initial, valid seizure. *See United States v. Shabazz*, 993 F.2d 431, 436-37 (5th Cir. 1993). Moreover, as the Government points out, Davis does not dispute and has therefore abandoned any argument that the

No. 23-30880

information gathered before and during the traffic stop gave the officer reasonable suspicion of further criminal activity sufficient to extend the duration of the seizure. *See Beasley*, 798 F.2d at 118; *Banks*, 624 F.3d at 264.

Second, Davis contends that there was insufficient evidence for the jury to conclude that he had knowledge of the cocaine in the vehicle he was driving and that he intended to distribute the cocaine. Viewing the evidence in the light most favorable to the verdict, *United States v. Resio-Trejo*, 45 F.3d 907, 910-11 & n.6 (5th Cir. 1995), the record establishes that Davis had knowledge of the cocaine in the vehicle's trunk, *see United States v. Richardson*, 848 F.2d 509, 513 (5th Cir. 1988), and that he had the intent to distribute the approximately 4.5 kilograms of cocaine, *see Resio-Trejo*, 45 F.3d at 911; *see also United States v. Pineda-Ortuno*, 952 F.2d 98, 100-02 (5th Cir. 1992).

The judgment of the district court is AFFIRMED.