# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 22, 2025

Lyle W. Cayce
Clerk

———————————

No. 24-50728
Summary Calendar

———————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOQUETTA RILEY,

*Defendant—Appellant*.

———————————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:21-CR-170-3

———————————————————————————

Before BARKSDALE, OLDHAM, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Joquetta Riley was convicted, following a jury trial, of one count of conspiracy to commit mail fraud and four counts of aiding and abetting mail fraud under 18 U.S.C. §§ 1341, 1349; 18 U.S.C. § 2. She and her codefendant, Joshua Daniels, conspired to acquire telephones from Verizon Wireless under fraudulent pretext. The district court sentenced her, *inter*

———————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

*alia*, to five concurrent terms of 12 months and one day imprisonment for each count. The court further ordered she be jointly and severally liable with her codefendant for restitution in the amount of $454,077.61.

Riley claims the Government did not present sufficient evidence to establish she committed the essential elements of the counts of conviction; and the court erred by: constructively amending her indictment, improperly admitting irrelevant evidence over her objections, violating her Confrontation Clause right, and attributing the full amount of restitution to her.

Riley claims the Government presented insufficient evidence to prove: she had specific intent to defraud Verizon; and she agreed to join the conspiracy. The court denied her motion for judgment of acquittal at the close of the Government's case, and she subsequently did not present evidence. Her contention is reviewed *de novo*. *See United States v. Chapman*, 851 F.3d 363, 376 (5th Cir. 2017). The Government presented extensive evidence of: Daniels' scheme to defraud Verizon and evidence of Riley's willing involvement in that scheme. Viewing the evidence "in the light most favorable to the verdict", there was sufficient evidence for a reasonable juror to find the elements of the counts of conviction proved beyond a reasonable doubt. *Id.* at 376.

Riley's second claim is that her indictment was constructively amended because the court: allowed evidence outside the scope of her indictment; and gave an insufficient limiting instruction. Her claim fails.

The former assertion is reviewed *de novo*. *E.g.*, *United States v. McMillan*, 600 F.3d 434, 450 (5th Cir. 2010). Although the court admitted evidence beyond the scope of her indictment, the evidence was admitted under Federal Rule of Evidence 404(b) for proving "motive, opportunity,

and predilection". She does not contend that purpose constructively amended her indictment.

Because she did not preserve her second assertion (limiting instruction), review is for plain error. *E.g.*, *United States v. Chaker*, 820 F.3d 204, 213–14 (5th Cir. 2016) (one theory of constructive amendment may be preserved although another is not). Under that standard, she must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected her substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If she makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id* (citation omitted).

Although the instruction did not mirror the pattern jury instruction, the jury was instructed it "must not consider any of [the 404(b)] evidence in deciding if the Defendant actually committed the acts charged in the indictment". Accordingly, Riley fails to show the instruction "affected her substantial rights". *United States v. Delgado*, 672 F.3d 320, 329 (5th Cir. 2012) (citation omitted).

Riley's third claim is that the court erred by admitting: data concerning telephones shipped from Verizon; Daniels' Facebook posts; and her Apple Maps search for Daniels' address. Her claim is reviewed for abuse of discretion. *E.g.*, *United States v. Caldwell*, 586 F.3d 338, 341 (5th Cir. 2009). There was none.

Evidence of telephone shipments was relevant to prove the scope and operation of defendants' scheme. *See United States v. Swenson*, 25 F.4th 309, 316 (5th Cir. 2022). Further, Daniels' Facebook posts were relevant to prove Riley knew of Daniels'-fraudulent scheme. *See United States v. Sneed*, 63 F.3d 381, 386 (5th Cir. 1995). Inclusion of public comments on the posts did

not unfairly prejudice her because they were offered solely to prove Daniels' involvement in fraud. Finally, evidence of her Apple Maps search for Daniels' address was relevant to prove her knowledge of, and voluntary participation in, Daniels' scheme. *See United States v. Ismoila*, 100 F.3d 380, 389 (5th Cir. 1996).

Riley's fourth claim is that her Confrontation Clause right was violated because the court prevented her counsel from pursuing four lines of questioning on cross-examination. The court prevented three lines of questions on grounds of relevance and one because it was beyond the scope of the witness' expert qualification.

Although the parties dispute the applicable standard of review, "the district court's reasons were sufficient under any standard". *United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008). Riley does not identify how further questioning would give a "reasonable jury . . . a significantly different impression of [the witness' credibility]". *United States v. Skelton*, 514 F.3d 433, 440 (5th Cir. 2008). Further, she failed to brief the court's ruling the other questions were beyond the scope of the expert's qualification, thereby abandoning any related assertions. *E.g.*, *United States v. Banks*, 624 F.3d 261, 264 (5th Cir. 2010).

For her fifth and final claim, Riley asserts erroneously that she is only liable for the portion of restitution for which she was directly responsible — not the entire amount. "[Our] court reviews the legality of a restitution order de novo". *United States v. Arledge*, 553 F.3d 881, 897 (5th Cir. 2008) (citation omitted). Our court's precedent is clear on her assertion. *See United States v. King*, 93 F.4th 845, 854 (5th Cir. 2024) (holding "[conspirators] may be held jointly and severally liable for all foreseeable losses within the scope of their conspiracy regardless of whether a specific loss is attributable to a

No. 24-50728

particular conspirator"). As discussed *supra*, evidence presented at trial shows she understood the extent of Daniels' scheme.

AFFIRMED.