# United States Court of Appeals
# for the Fifth Circuit

_____

No. 25-20100
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

January 12, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jennifer Lynn Thornton,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CR-289-1

_____

Before Barksdale, Oldham, and Douglas.

Per Curiam:[*]

Jennifer Lynn Thornton pleaded guilty to 10 counts of wire fraud and aiding and abetting, in violation of 18 U.S.C. §§ 1343 (criminalizing wire fraud) and 2 (prohibiting aiding and abetting). She was ordered to pay approximately $125,000 in restitution and sentenced, *inter alia*, to a within-Guidelines concurrent 41-months' term of imprisonment for each count.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-20100

She contends the court erred by applying a sentencing enhancement under Guideline § 3B1.3 (allowing enhancement for abuse of position of trust or use of special skill) because:  she did not occupy a position of trust or have a special skill; and, alternatively, application of the enhancement constituted double counting.  Her contentions fail.

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range.  *Gall v. United States*, 552 U.S. 38, 46, 51 (2007).  If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard.  *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

As noted, Thornton claims only procedural error.  "[A] district court's application of § 3B1.3 is a sophisticated factual determination that will be affirmed unless clearly erroneous."  *United States v. Dial*, 542 F.3d 1059, 1060 (5th Cir. 2008) (citation omitted).

"[Our] court applies a two-part test to determine whether there [was] an abuse of trust [under Guideline § 3B1.3]:  (1) whether . . . defendant occupies a position of trust and (2) whether . . . defendant abused her position in a manner that significantly facilitated the commission or concealment of the offense."  *United States v. Miller*, 607 F.3d 144, 148 (5th Cir. 2020) (citation omitted).  Along that line, in challenging the enhancement under Guideline § 3B1.3, Thornton asserts she did not occupy a position of trust or use a special skill in committing her offenses.  The court did not clearly err in finding Thornton held a position of trust.  *See United States v. Miller*, 906 F.3d

2

373, 378 (5th Cir. 2018) (holding employee with "discretionary judgment" and autonomy within company placed her in position of trust).

Her second assertion—that she did not have any special skills under Guideline § 3B1.3—fails because the court did not apply the enhancement based on finding she used a special skill. By failing to brief the related issue of whether she *abused* a position of trust, she abandoned any challenge to that issue on appeal. *See United States v. Banks*, 624 F.3d 261, 264 (5th Cir. 2010) (holding failure to brief issue constitutes abandonment).

Alternatively, Thornton contends § 3B1.3 was applied incorrectly because it amounted to double counting. Because she did not preserve this issue in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Thornton must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected her substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If she makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).

Thornton asserts her two-level enhancement under Guidelines § 2B1.1(b)(10)(C) (allowing enhancement if "offense . . . involved sophisticated means and . . . defendant intentionally engaged in or caused the conduct constituting sophisticated means") precluded the court from applying the § 3B1.3 enhancement. Thornton fails to show the requisite clear-or-obvious error. *See United States v. Olis*, 429 F.3d 540, 549 (5th Cir. 2005) (holding joint application of § 3B1.3 and § 2B1.1(b)(8)(C) (pre-2004 sophisticated-means section) "not proscribe[d]"). She also maintains our court is not bound by *Olis* due to a change in the language of the enhancement

No. 25-20100

wrought by Amendment 792 to the Guidelines.  She again fails to show the requisite clear-or-obvious error.

AFFIRMED.